Hornblower, C. J.
It is admitted that Grove was lawfully in possession, and it must also be admitted, that he had a right to retain that possession until Gordon, under whom he held, put an end to it in some legal way. In Den v. Winans, 2 Green 1, it was decided by this court, thatpossesswm is a legal right, which may be levied upon and sold by a sheriff on an execution ; and that the debtor whose possession has been thus sold, immediately becomes quasi tenant of the purchaser, and consequently cannot be permitted to controvert the purchaser’s title. This would be conclusive upon Grove if he had appeared to this action and procured himself to be made defendant instead of the casual ejector. Hence it is argued, that he could not by any act of his, place any other person in a better position than himself, as against the rights of the purchaser. This is true, at least so far as respects a mere transfer of his possession to a stranger. But he was only a tenant at will under Gordon, Den v. Drake, 2 Green 523; and therefore, if Grove had yielded up the possession to him, or if Gordon had determined the estate at will by an actual entry upon the premises before the purchaser commenced this ejectment, there would have been an end of Grove’s estate, and consequently nothing left for the plaintiff in this action to recover.
But the real question in this case is, what rights, if any, did the purchaser acquire as against Gordon the owner of the land. For Green and Brearley stand in his place and can be in no better or worse condition than he would be. Suppose then Gordon had not conveyed to them, and he were now applying to be made defendant, what ought we to do ?
This question has been argued, as if the answer to be given depended upon the anticipated result of a trial between the Plaintiff, and Gordon or Gordon’s grantees. This is a mistake. It *173 depends upon the relation in which Gordon stands towards the tenant, in respect to the premises in question. If he would be' entitled to defend in ease this action had been brought by a stranger setting up a title paramount or adverse to his, then he ought to be admitted to defend in this action.
The only inquiry then is, whether Gordon was a landlord in such a sense as to entitle him to be admitted to defend alone or with the tenant in possession in this case. If the answer to this question depended upon the thirteenth and fourteenth sections of the statute concerning landlords and tenants, Elm. Dig. 306, he clearly would not be. But the words, “ or other proper person,” introduced into the ninety-second section of the practice act, Elm. Dig. 431, enlarge the construction of the former act, or rather, authorize us to give that act a liberal construction, extending the term “ landlord ” beyond its strict import. A man may, therefore, be a landlord, in such a sense as to be admitted a defendant in ejectment, although he was not entitled to a notice from the tenant in possession of the service of a declaration in ejectment, or to the penalty given by the statute against the tenant for omitting to give such notice. Chief Justice Ewing, in Den v. Shupe, 1 Green 66, says the “proper person” was described by Lord Mansfield in Fairclaim v. Shamtitle, 3 Burr. 1294, to be every person whose title is connected to, and consistent with the possession of the occupier, and would be divested or disturbed by any claim adverse to such possession. And further, he remarks, that where there is a privity of interest, letting in the person behind, may operate to prevent treachery and confusion.
If we apply this rule to the case before us, I see nothing to forbid Gordon or his grantees from being admitted to defend in this action; but on the contrary, the strongest reasons for doing so. The lessor of the plaintiff admits that the tenant entered and holds under Gordon upon a contract for a purchase of the premises from him ; that the contract remains unexecuted, and that the tenant never had the legal title. The effect of this action will or may be to disturb the relation subsisting between Gordon and the tenant, and may seriously affect his title.
By admitting Green and Brearley defendants in this suit, we settle no rights. If the lessor of the plaintiff can show a title *174 in himself back of the sheriff’s deed or paramount to Gordon’s Í do not at present see why he may not do so. If however, as the fact I suppose is, the plaintiff has no title except what he acquired at the Sheriff’s sale; then he is the mere assignee of Grove, he stands in his shoes and may assert his rights. Whether Gordon, at the time of the Sheriff’s sale, or when this action was commenced, or at any time afterwards, was entitled to the possession as against the tenant; and if he were, how far he may avail himself of that right, are matters that will be open to inquiry and discussion on the trial.
One argument pressed by the plaintiff’s counsel against admitting Gordon or his grantees to defend as landlord; was, that Grove immediately after the Sheriff’s sale became, by operation of law, the tenant of the lessor of the -plaintiff; and that there cannot be two landlords claiming adversely to each other, b«th having a right to defend. But the latter part of this proposition is not correct. It is true, there cannot be two landlords, within the meaning of the act concerning landlords and tenants, claiming adversely to' each other and each entitled to notice from the tenant. But those who may be admitted to defend as landlords, under the description of “ other proper persons,” or constructive landlords, are not entitled to notice from the tenant; and of such landlords there may be two claiming in opposition to each other. This very case is an illustration of this position. Neither Gordon nor the lessor of the plaintiff, is the landlord of Grove in the technical or strict import of the term ; and yet both are constructive landlords, or among the “ other proper persons” who may be admitted to defend in an action for these premises. If Gordon or his grantees had brought an ejectment against Grove for these premises, Wane]eve, the present lessor of the plaintiff, claiming under the Sheriff’s deed, would clearly have a right to be admitted a defendant in such action, so that he might assert his claims, and protect the possession of his tenants, and for the same reason Green and Brearley claiming under a deed from' Gordon, are entitled to be made defendants in this case.
This motion must therefore be denied, with costs to the defendants, if the plaintiff fails in the suit.

Motion Denied.